```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                :
OLUSHEGUN ONIKOSI,              :
                                :
          Petitioner,           :   Civ. No. 18-9920 (NLH)
                                :
     v.                         :   OPINION
                                :
WARDEN DAVID ORTIZ,             :
                                :
          Respondent.           :
_____:
```

APPEARANCES:

Olushegun Onikosi, No. 58999-054
FCI Ft. Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Ft. Dix, NJ 08640
    Petitioner Pro se

Jessica R. O'Neill, Esq.
Office of the United States Attorney
401 Market St.
P.O. Box 2098
Camden, NJ 08101
    Counsel for Respondent

HILLMAN, District Judge

Petitioner Olushegun Onikosi ("Petitioner"), a prisoner presently incarcerated at the Federal Correctional Institution at Fort Dix in Fort Dix, New Jersey, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner's sole grievance raised in the Petition is that he has not received credit towards his federal sentence for time previously served in federal custody. See ECF No. 1. By order of Court, Respondent filed an Answer to

the Petition (the "Answer").  ECF No. 4.  Petitioner has not filed a reply to the Answer.  The Petition is ripe for disposition.  For the reasons stated below, the Petition will be denied.

## I. BACKGROUND

On April 13, 2010, Petitioner was arrested by New York state authorities on charges of grand larceny, aggravated identity theft, criminal possession of stolen property, identity theft, and possession of forged instruments.  ECF No. 4-1 at 1.  Petitioner was released from state custody on bond three days later.  Id. at 1-2.

On January 12, 2012, Petitioner was arrested by federal authorities and charged in the U.S. District Court for the Eastern District of New York with conspiracy and bank fraud in violation of 18 U.S.C. §§ 1349 and 1344.  See No. 12-cr-118 (E.D.N.Y.).  On January 20, 2012, Petitioner was released from custody on those charges on $100,000 bond.  See No. 18-cv-9920, ECF No. 4-1 at 2 (D.N.J.).

While released on his federal charges, Petitioner was tried and convicted on the pending state charges on January 9, 2013.  ECF No. 1 at 1-2.  After his conviction, he was remanded to the custody of the State of New York.  ECF No. 4-1 at 2.

Shortly thereafter, on February 4, 2013, the U.S. District

Court for the Eastern District of New York issued a federal writ of habeas corpus ad prosequendum directing the U.S. Marshals Service to produce Petitioner from the custody of the State of New York to federal court on February 8, 2013, to address his federal criminal charges.  See No. 12-cr-118, ECF No. 19 (E.D.N.Y.).  Petitioner was produced in federal court pursuant to the writ and pled guilty on February 8, 2013, to one count of attempt and conspiracy to commit mail fraud.  See No. 12-cr-118 (E.D.N.Y.) (minute entry dated 2/8/2013); No. 18-cv-9920, ECF No. 1 at 1.

On February 21, 2013, Petitioner was sentenced on his state charges in New York State court to 3 to 6 years of imprisonment on three counts; 2 to 4 years on three other counts; and 1 year on the final count, with all sentences to run concurrently.[1]  ECF No. 4-1 at 2-3.  On October 18, 2013, he was sentenced to a sixty-three month term of imprisonment followed by five years of

---

[1] At the time of his state sentencing, Petitioner was being held temporarily on the federal writ at the federal Metropolitan Detention Center in Brooklyn, New York.  It is not clear from the record whether Petitioner was produced for his state sentencing at the New York Supreme Court in Lower Manhattan or waived his appearance and sentenced in absentia.  See ECF No. 4-2 at 30-31.  The Court takes judicial notice of the fact that the New York County Supreme Court courthouse in Foley Square is approximately 2 miles from the Federal District Court Courthouse in Cadman Plaza, Brooklyn, New York.  Both are located within the City of New York.

supervised release for his federal charges, to be served consecutively to the state sentences. ECF No. 1 at 2.

After he was sentenced on his federal charges, Petitioner remained in a federal detention center on the previously issued writ. ECF No. 4 at 4. On or about July 6, 2016, Petitioner was released from the federal writ and returned to state custody, specifically to the Manhattan Detention Center, a state corrections facility. Id. See also ECF No. 4-2 at 26. Also at that time, a federal detainer directed to the Manhattan Detention Center was lodged against Petitioner for his federal conviction and sentence. ECF No. 4-2 at 39.

After his return to state custody, New York computed his state sentence and release dates, including assessing and applying prior jail credit for time in custody. See ECF No. 4-2 at 18-20. Petitioner was awarded jail credit towards his state sentence for the following time periods in which he was in custody: April 13, 2010 through April 16, 2010 (4 days for time spent on state arrest before release on bond); January 9, 2013 through February 5, 2013 (28 days for time spent in state custody after his state court conviction but before being produced on the writ of habeas corpus ad prosequendum for his federal charges); February 6, 2013 through July 5, 2016 (1,246 days for time spent in the federal detention center on the

4

federal writ); and July 6, 2016 through August 18, 2016 (43 days for time spent in the Otis Bantum Correctional Center before transfer to be received at a state correctional institution).[2] Id.

As part of the computation, New York anticipated that Petitioner would receive two years of good conduct time, with a conditional release date of January 1, 2017, and a maximum expiration of sentence date of January 1, 2019. Id. at 18. After receiving his sentencing computation and application of jail credits to his state sentences, Petitioner remained in a state correctional institution to satisfy the duration of his state sentence. On December 30, 2016, Petitioner completed his state sentence[3] and was transferred to federal custody for service of his federal sentence pursuant to the previously

---

[2] The record provides that Petitioner was released from the federal writ to the state Manhattan Detention Center on July 6, 2016. The record also reveals that Petitioner received state jail credit towards his state sentence for time spent at the Otis Bantum Correctional Center from July 6, 2016, through August 18, 2016. Although not material to the disposition of the Petition, it appears that Petitioner was transferred from the Manhattan Detention Center to the Otis Bantum Correctional Center on July 6, 2013. Both are located within the City of New York.

[3] New York calculated Petitioner's earliest conditional release date as January 1, 2017. See ECF No. 4-2 at 18. It is not clear why he was released two days earlier, on December 30, 2016, however the Court will decline to address this discrepancy as any such discrepancy was not raised in the Petition and, in any event, would inure to Petitioner's benefit.

lodged federal detainer. ECF No. 4 at 4.

When Petitioner entered federal custody, the Federal Bureau of Prisons calculated his federal sentence. In calculating Petitioner's federal sentence, the BOP reviewed the calculations that the State of New York had performed and the custodial credits New York had awarded towards Petitioner's state sentence, outlined supra. Id. at 5. According to the BOP's calculations, Petitioner has a projected release date of July 17, 2021, if he receives all good conduct time available under 18 U.S.C. § 3624(b).[4] Id.

Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on May 31, 2018. In the Petition, Petitioner alleges that he "first entered federal custody on February 5, 2013 as a pre-trial detainee," where he remained until July 6, 2016, when he "was released from federal custody and transferred to the custody of the New York State Department of Corrections." ECF No. 1 at 2. Petitioner states that he remained in state custody until December 2016, when he "was returned to federal custody." Id. According to the Bureau of

---

[4] Petitioner was sentenced to sixty-three months of federal imprisonment. Without good time credit, Petitioner's projected release date would be on or about March 30, 2021. Under the law at the time his sentence began, Federal prisoners may receive up to fifty-four days of good time credit for each full year served, with the last year prorated. 18 U.S.C. § 3624(b)(1).

6

prison's time computation, however, his time in federal custody started on December 30, 2016, with a projected statutory release date of July 17, 2021. Id. at 3. He "requests that the Court order that his sentence be recomputed by the Bureau of Prisons to reflect the approximately fort-one (41) months of time served in federal custody prior to July of 2016." Id.

**II. DISCUSSION**

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See Zayas v. INS, 311 F.3d 247, 256 (3d Cir. 2002) (identifying "applications challenging the manner in which a valid federal sentence is carried out" as an example of a "categor[y] of habeas petitions filed under § 2241"). Therefore, this Petition is properly brought under 28 U.S.C. § 2241.

Generally, a prisoner must exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241. Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies."); Arias v. U.S. Parole Commission, 648 F.2d 196 (3d Cir. 1981). In order to exhaust administrative

7

remedies, a prisoner must first attempt to informally resolve the dispute with institution staff. See 28 C.F.R. § 542.13. Then, if informal resolution efforts fail, the prisoner may raise his complaint to the warden of the institution in which he is confined. See 28 C.F.R. § 542.14. If the warden denies the administrative remedy request, the prisoner may next file an appeal with the regional director within twenty days from the date of the warden's response. See 28 C.F.R. § 542.15. Finally, if the regional director denies the appeal, the prisoner may then appeal that decision to the general counsel of the Federal Bureau of Prisons within thirty days from the date of the regional director's response. See 28 C.F.R. § 542.15.

Petitioner has not exhausted his remedies as to the calculation of his federal sentence. Here, Petitioner filed an administrative remedy form with the Warden of FCI Fort Dix on or about April 6, 2017, requesting prior custody credit for the time period at issue. No. 18-cv-9920, ECF No. 4 at 6. Petitioner, however, voluntarily withdrew this request on April 17, 2017, and he has not filed any subsequent requests for administrative remedies regarding his sentence computation. Id. at 7.

Exhaustion may be excused if (1) it would be futile, (2) the actions of the agency clearly and unambiguously violate a

statutory or constitutional right, or (3) the administrative remedy process would be clearly inadequate to prevent irreparable harm. See Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988). Petitioner makes no argument regarding exhaustion; indeed, he has filed no reply to the Answer. Given the allegations of the Petition as well as the Respondent's Answer, the Court finds that it will excuse the exhaustion requirement in this instance because the Petition lacks merit and thus exhaustion would be futile.

Petitioner's argument is that he was in federal custody from February 6, 2013, through July 5, 2016, when he was confined in a federal detention center. See ECF No. 1. He is mistaken, as the declarations and exhibits in support of Respondent's Answer make clear. See ECF Nos. 4 at 8-12 & 4-1. Where a defendant faces prosecution by both state and federal authorities, the "primary custody" doctrine determines where and how the defendant will serve any resulting sentence of incarceration. Taccetta v. Federal Bureau of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015). The primary custody doctrine differs from physical custody. Under the doctrine, the first sovereign to arrest the defendant is entitled to have the defendant serve that sovereign's sentence before one imposed by another sovereign. Id. A sovereign can relinquish primary

custody over the defendant by releasing the defendant on bail, dismissing the charges, or granting parole.  Id.  A temporary transfer of a prisoner pursuant to a writ ad prosequendum does not constitute a relinquishment, however.  Id.

Here, Petitioner was first in state custody when he was arrested on April 13, 2010.  After he was released on bond three days later, however, he was in no sovereign's custody.  Then, when he was arrested on January 12, 2012 on the federal charges, he was in federal custody, but again, he was released a few days later on bond, at which point he was once again in no sovereign's custody.  Petitioner next entered a sovereign's custody on January 9, 2013, when he was convicted on his pending state criminal charges.  At this point, he entered the custody of the State of New York.  Once in state custody, he remained in "state custody" until the he served his state court sentence and was released to federal custody on December 30, 2016.

Some confusion may have arisen because Petitioner was housed in a federal facility while he was in "state custody."  The time spent in state custody under the primary custody doctrine while physically in a federal facility, however, was credited towards his state sentence.[5]

---

[5] Petitioner does not challenge the application of jail time credit to his state sentence.  Such a claim, however, would not

In addition, Petitioner has no right to receive "double credit" towards his federal sentence for that time since it was already allocated towards his state sentence. Title 18, section 3585(b) governs prior custody credit and provides, in pertinent part:

> Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). Here, the prior custody credit was properly awarded to Petitioner's state sentence as New York

---

be not cognizable in this federal habeas proceeding. The calculation of jail time credits for a state law conviction is a matter of state law. See, e.g., Howard v. White, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state . . . crediting statutes is a matter of state concern only."); Travis v. A.L. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991); Lewis v. Caldwell, 609 F.2d 926, 928 (9th Cir. 1980); Beto v. Sykes, 403 F.2d 664, 665 (5th Cir. 1968); Hoover v. Snyder, 904 F. Supp. 232, 234 (D. Del. 1995); Harvey v. Aviles, No. 04-cv-5418, 2006 WL 624891, at *5 (D.N.J. March 10, 2006). "Because '[a]pplication of presentence jail time to a subsequent sentence is legislative grace and not a constitutional guarantee,' the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." Travis v. A.L. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991) (quoting Patino v. South Dakota, 851 F.2d 1118, 1120 (8th Cir. 1988)).

retained primary custody over Petitioner even when he was in a federal detention center, and such credit cannot be awarded towards his consecutive federal sentence under § 3585(b) because it was awarded to his state sentence.

Notably, Petitioner has not filed a reply to the Answer nor has he refuted the arguments and declarations submitted by Respondent.  Because the time spend in the federal detention center was properly credited towards his state sentence and because Petitioner has no right for it to also be credited towards his consecutive federal sentence, the Petition will be denied.

**IV. CONCLUSION**

For the above reasons, the § 2241 habeas petition is denied.  An appropriate Order follows.


Dated: February 8, 2019           s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.